objected to, and excluded, upon the ground that they were irrelevant and immaterial as to the defendant Hasbrouck. Taken together, the letters amount to a lease by the plaintiff to Mr. Webb of the office occupied by him from the 1st of May, 1893, to the 1st day of May, 1894, at a rent of $200. As the defendant Hasbrouck was liable upon a collateral contract of guaranty, it was necessary for the plaintiff to establish that there had been a contract between herself and Webb for the lease of the premises, and the objection taken that the letters were irrelevant and immaterial was not well taken, because the contract between herself and Webb lay at the very basis of the claim alleged against Hasbrouck. There could have been no contract of guaranty for the rent upon the part of Hasbrouck until it was shown that there was a contract between the plaintiff and Webb for the lease of the premises. Of course, although such a contract had been shown, Hasbrouck would not be liable until the plaintiff made further proof that he agreed to guaranty the payment of the rent. But the first step in that direction consisted in showing that there was a contract of leasing, the rent for which was to be guarantied by Hasbrouck. The letters were clearly competent, although, standing alone, they would not be sufficient to make a complete case against the guarantor.

The plaintiff further offered two other letters written by Hasbrouck, one dated 31st of January, 1893, and one of the 3d of June of the same year. These two letters, taken together, would have shown that Hasbrouck knew of and consented to the lease for one year from May 1, 1893, at $200 a month, and that he was liable for the rent for that time at that rate. The objections to the letters were not well taken. It is not necessary that the writing required by the statute of frauds to prove a contract of guaranty should be made at the time of making the contract, because the writing is only requisite to make valid proof of the contract. Neither is it necessary that the proof should be in one paper, but the contract may be shown by any number of papers taken together, provided that it is clear from the papers themselves that they refer to the same transaction. It was not necessary, either, that the paper relied on should have been delivered to the promisee. Peabody v. Speyers, 56 N. Y. 230, 237; Gibson v. Holland, L. R. 1 C. P. 1. These two papers, if taken together, would have established the liability of Hasbrouck for the rent. They should, therefore, have been received in evidence. For the error of the court in excluding them, the judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

FOERST v. EMPIRE LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

PLEADING—ANSWER—AMENDMENT—SURPRISE.

Where it appeared that counsel, in reliance on many cases which he had tried where it had been held that certain allegations were not essential to the answer, omitted to plead them, and was thereby surprised at a ruling to the contrary, the court properly allowed the answer to be amended to include the omitted averments, on payment of costs.

Appeal from special term, New York county.

Action by Marguerite S. Foerst against the Empire Life Insurance Company on a policy. From an order allowing an amendment to the answer, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William C. Beecher, for appellant.
Edmund Luis Mooney, for respondent.

INGRAHAM, J. On the appeal from an order denying a former motion for leave to amend this answer, we affirmed that order upon the ground that it was not alleged in the affidavit upon which the motion was made that the defense sought to be set up by the amendment was not known to the defendant at the time of the service of the original answer; that there was a mistake in not pleading such a defense, or that the defendant was surprised at the ruling of the trial judge as to the necessity of the amendment; and that no reason was suggested why the defense sought to be interposed was not set up in the original answer as served. Subsequent to the decision of that appeal the defendant, upon new affidavits, obtained an order to show cause why it should not be allowed to renew its motion for leave to serve an amended answer; and upon that motion the court granted leave to renew, and granted the motion allowing the defendant to serve an amended answer upon the payment of certain costs therein specified. By the affidavit upon which this motion was made, it appeared that the facts constituting this new defense now sought to be alleged were stated by the secretary of the defendant corporation to the defendant's counsel at the time the original answer was prepared, but that the secretary was advised by counsel that it was unnecessary to plead the facts on that subject in the answer, as, in his opinion, it was incumbent upon the plaintiff to prove, as part of her case, the facts which the defendant seeks to allege as a partial defense. It also appeared, by the affidavit of the counsel who prepared the answer, that the deponent had been counsel for the defendant for many years, and had tried many cases involving this question; that in such cases it had been held that it was necessary for the plaintiff to prove, as part of his case, the facts sought to be alleged; that the deponent, relying upon those cases, considered that it was unnecessary and improper to plead the facts that the plaintiff must necessarily prove; that counsel was surprised, upon the trial of the action, at the view taken by the court that these facts were not a part of the plaintiff's case, but a special defense, and must be alleged and proved by the defendant; and that it was a statement of this fact to the trial court that induced the court to allow a juror to be withdrawn. We think that, upon these facts appearing, the court below was justified in relieving the defendant of the effect of the mistake of the counsel, and that a case was presented which is within the provisions of the Code, giving the court power to allow an amendment to the pleading, and thus prevent a party from being subjected to

a liability to which, if the correct facts had been before the court, it would not have been made liable. The defendant, upon this application, has shown an entirely different state of facts than that presented on .the former application, and we think the court below was justified in exercising its discretion in allowing the amendment.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.